IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMIE TAYLOR,** <br><br> **Defendant.** | Case No: SAG-25-0203 |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant Jamie Taylor's Motion to Reopen Detention Hearing. ECF No. 26. The government did not file a response. No hearing is necessary. Loc. R. 105.6. For the reasons set forth below, the Court will GRANT Mr. Taylor's Motion and schedule the detention hearing during the week of September 22, 2025, to coincide with the undersigned's next criminal duty rotation.

**I.      BACKGROUND**

Mr. Taylor is charged in a one-count indictment with assault upon a federal officer in performance of an official duty, in violation of 18 U.S.C. § 111(a)(1), (b). ECF No. 1. The Court held an initial appearance on July 14, 2025, at which time Mr. Taylor agreed to be detained temporarily until his July 16 detention hearing. ECF No. 13.

**A.      July 16, 2025, Detention Hearing**

The government moved to detain Mr. Taylor pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A), which allows the government to seek detention in a case that involves "a crime of violence."[1] 18 U.S.C. § 3142(f)(1)(A). By contrast, the defense sought Mr. Taylor's release upon

---

[1] Initially, the defense and the government disagreed as to whether assault upon a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) qualifies as a crime of violence that would permit the

the identification of a suitable mental health and substance abuse treatment program. After hearing from the government, defense, and the pretrial services officer, I found by clear and convincing evidence that there was no condition or combination of conditions that would reasonably assure the safety of any other person and the community, and I ordered Mr. Taylor detained pending trial. ECF No. 16.

### B. Mr. Taylor's Arguments Regarding Reopening

Mr. Taylor has presented two facts in support of his request to reopen the detention hearing. First, he reports that he has been provisionally accepted into two separate in-patient treatment programs—NuWave Health Services ("NuWave") and Achieve Behavioral Health Services ("Achieve"). ECF No. 26 at 2–3. NuWave offers a six-month treatment program, while Achieve offers an initial 45-day program with options to extend care beyond the 45-day term. ECF No. 26 at 2–3. Both programs are willing to provide formal acceptance letters with the date of bed availability in advance of any reopened detention hearing. ECF No. 26 at 2–3.

Second, Mr. Taylor reports that he has gone through the difficult withdrawal and detoxification process, has been working cooperatively with his counsel and screening staff at both NuWave and Achieve, and is able to comply with the rules of a treatment center. ECF No. 26 at 3.

## II.   LEGAL ANALYSIS

Mr. Taylor filed the instant motion under 18 U.S.C. § 3142(f), which provides that a detention hearing may be reopened before trial if the Court "finds that information exists that was not known to the movant at the time of the hearing *and* that has a material bearing on the

---

government to move for detention under 18 U.S.C. § 3142(f)(1)(A). Ultimately, the defense conceded that the Fourth Circuit's decision in *United States v. McDaniel*, 85 F.4th 176 (4th Cir. 2023), holding that an offense charged under 18 U.S.C. § 111(b) is categorically a crime of violence, permitted the government to seek detention in this case.

issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (emphasis added). Thus, the information presented by Mr. Taylor must be both new and material to justify a reopening of the detention hearing. *See United States v. Johnson*, Criminal Action No. RDB-20-223, 2021 WL 784131, at *1 (D. Md. Mar. 1, 2021).

Courts have considered what information satisfies this dual standard. Material information is "evidence that, if true, affects the outcome of the Court's pre-trial detention inquiry under [18 U.S.C. § 3142(f)]." *United States v. Douville*, Criminal Action No. 1:21-CR-70, 2021 WL 6128251, at *1 (W.D.N.C. Dec. 28, 2021) (quoting *United States v. Chansley*, Criminal Action No. 21-CR-3 (RCL), 2021 WL 2809436, at *3 (D.D.C. July 6, 2021)). A motion to reopen under 18 U.S.C. § 3142(f) is "not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew . . . he could have investigated . . . before the detention hearing." *United States v. Adams*, Criminal Action No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024) (quoting *United States v. Munguia*, Criminal Action No. 19-191, 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020)).

Mr. Taylor's provisional acceptance at treatment programs provided by NuWave and Achieve is new and material information. At the time of the detention hearing, Mr. Taylor was experiencing symptoms of withdrawal from oxycodone use, including agitation, and there were no treatment programs available that could administer oxycodone to taper Mr. Taylor off from the drug. I acknowledged the necessity of drug treatment and the Court's preference for treatment over incarceration; however, the absence of a suitable treatment program, coupled with Mr. Taylor's inability to listen to and abide by Court orders during both the initial appearance

and detention hearing weighed heavily against his release in the Court's balancing of the pre-trial detention factors. 18 U.S.C. § 3142(g).

The fact that Mr. Taylor has now gone through detoxification and is able to work cooperatively with his counsel and others is also new and material. At several points during the detention hearing, the Court advised Mr. Taylor of the importance of listening and chided him for interrupting counsel and the Court. It was difficult for Mr. Taylor to comply, which caused the Court concern that Mr. Taylor would likewise be unable to adhere to the requirements of any treatment program that imposed restrictions on Mr. Taylor's activities and had fewer staff than the Court to maintain order. Mr. Taylor's successful completion of NuWave's and Achieve's intake screening process, and his representation that he can comply with the rules of these treatment programs, is information that was not available at the time of the earlier hearing and would have affected the outcome of the Court's pre-trial detention inquiry.

### III.     CONCLUSION

Because the information presented in Mr. Taylor's Motion to Reopen Detention Hearing is both new and material, it is hereby ORDERED that the motion, ECF No. 26, is GRANTED. The Court will coordinate with defense counsel and the government to schedule a detention hearing during the week of September 22, 2025.

SO ORDERED.

Dated: September 17, 2025                      _____/s/_____
                                                Chelsea J. Crawford
                                                United States Magistrate Judge