**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JAMIE TAYLOR,**<br><br>**Defendant** | **CRIMINAL NO. SAG-25-203** |

**GOVERNMENT'S RESPONSE TO**
**<u>DEFENDANT'S MOTION TO SUPPRESS STATEMENTS</u>**

The United States of America, by counsel, responds to the Defendant's Motion to Suppress Statements, ECF No. 56. The Court should deny the motion.

**FACTUAL BACKGROUND**

On June 11, 2025, Baltimore Police Department (BPD) officers responded to 3152 Strickland Street in response to a report of an aggravated assault. After arriving, officers met with the victim, a United States Postal Service (USPS) mail carrier, who stated that the victim was delivering mail on the street and was attacked by the Defendant, Jamie Taylor. Specifically, the victim stated that after leaving the Defendant's residence, the Defendant came out of the residence and began to argue with him claiming that the victim was not a USPS letter carrier, to which the victim attempted to calm him by showing him the mail and his USPS van. The Defendant then announced that he was going to go inside his residence and "get a knife." The Defendant went inside his residence and retrieved a knife. He returned and approached the victim, who was now in the yard next door. The Defendant began to swing the knife at the victim, attempting to stab the victim in the chest and stomach area. At one point in the altercation, the Defendant threw the knife at the victim. After throwing the knife, the Defendant attempted to run back into the residence. The victim, believing that the Defendant was attempting to obtain another weapon,

tackled the Defendant to stop him. During the scuffle, the Defendant's shirt was ripped off. Other neighbors exited their houses to break up the scuffle, whereby the Defendant ran back into his house.

The victim and Defendant were questioned by BPD officers. The victim recounted the incident to officers. Multiple witnesses were also questioned and corroborated the victim's account, describing that the Defendant attacked the victim USPS letter carrier.

The Defendant was subsequently arrested and transported. BPD officers retrieved the knife from the adjacent yard where the Defendant threw it at the victim. The victim suffered a cut to his finger and an abrasion on his elbow as a result of the attack.

On June 8, 2026, the Defendant filed a motion to suppress "any and all statements, admissions, and confessions allegedly made by him…" ECF No. 56 at 1. The Defendant fails to identify any particular statements he believes were involuntary or were obtained in violation of his constitutional rights. *See generally*, *id.*

**LEGAL STANDARD AND ARGUMENT**

The Fifth Amendment prohibits compelled self-incrimination. U.S. Const. amend. V. Members of law enforcement must inform individuals who are in custody of their Fifth Amendment rights prior to interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Any individual in police custody and subject to custodial interrogation "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Berkemer v. McCarty*, 468 U.S. 420, 429 (1984) (quoting *Miranda*, 384 U.S. at 444). Officers may issue *Miranda* warnings orally or in writing. *See, e.g.*, *United States v. Abdi Wali Dire*, 680 F.3d 446, 474 (4th Cir. 2012) (upholding oral warnings). An individual is "in custody" for *Miranda* purposes

when, under the totality of the circumstances, "a suspect's freedom of action is curtailed to a degree associated with formal arrest." *Berkemer*, 468 U.S. at 440. "Interrogation" for *Miranda* purposes means "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

In addition to complying with *Miranda*, an individual's statements also must be provided voluntarily. The applicable test for evaluating the voluntariness of a statement or confession is whether, given the totality of the circumstances, the will of the speaker was "overborne and his capacity for self-determination critically impaired." *United States v. Gray*, 137 F.3d 765, 771 (4th Cir. 1998) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26 (1973)); *see also Mincey v. Arizona*, 437 U.S. 385, 399 (1978); *Haynes v. Washington*, 373 U.S. 503, 513 (1963). In making this determination, "coercive police activity is a necessary predicate" to any finding that a confession was not "voluntary" within the meaning of the Due Process Clause of the Constitution. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

In applying these general principles to various factual scenarios, the Fourth Circuit has considered, among other things, factors such as: (1) whether law enforcement officers properly advised the suspect of his right not to make any statements and of his right to have an attorney present; (2) whether the officers inappropriately told the suspect that he was legally obligated to speak with them; (3) whether the officers physically or verbally threatened the suspect; (4) whether the suspect appeared to be cooperative; (5) whether the suspect was misled by the officers into believing that his statements could not be used against him; and (6) whether the officers engaged in any violent behavior during their questioning. *See United States v. Braxton*, 112 F.3d 777, 781–85 (4th Cir. 1997); *Gray*, 137 F.3d at 771.

Accordingly, "[a]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence... . Volunteered statements of any kind are not barred by the Fifth Amendment." *Innis*, 446 U.S. at 299-300; *see also Michigan v. Harvey*, 494 U.S. 344, 353 (1990) ("Although a defendant may sometimes later regret his decision to speak with police, the Sixth Amendment does not disable a criminal defendant from exercising his free will."). Thus, unprompted, spontaneous, and otherwise voluntary statements are not prohibited by *Miranda* and are thus admissible. *United States v. Rhodes*, 779 F.2d 1019, 1032 (4th Cir. 1985) ("*Miranda* does not protect an accused from a spontaneous admission made under circumstances not induced by the investigating officers or during a conversation not initiated by the officers."); *United States v. Wright*, 991 F.2d 1182, 1186 (4th Cir. 1993) ("[S]pontaneous statements [that are] not the product of interrogation [are] not barred by the Fifth Amendment."); *United States v. Jackson*, 863 F.2d 1168, 1172 (4th Cir. 1989) (holding that officer's statement in response to conversation initiated by the defendant should not be construed as attempt to solicit information). The government bears the burden of proving voluntariness or spontaneity by a preponderance of the evidence. *See, e.g.*, *Braxton*, 112 F.3d at 781.

As a threshold matter, while the Government argues that any and all statements made by the Defendant were voluntary, the Government notes that it does not currently plan to offer any of the Defendant's statements against him during its case-in-chief. In order to provide the jury a fulsome understanding of the scene of the assault, the investigation, and the events as they transpired, the Government currently plans to introduce portions of the available body-worn camera footage from the responding BPD officers and introduce them with sound, some of which may include statements the Defendant voluntarily made to law enforcement. The Government anticipates addressing the redaction of such audio with the Court at the pretrial hearing.

**CONCLUSION**

Based upon the foregoing, the United States respectfully recommends that the Defendant's motion be denied.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

____________/s/________________
Patrick R. Rigney
Special Assistant United States Attorney

36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4927
patrick.rigney@usdoj.gov